UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MATTHEW IACOPELLI, and
LYNN IACOPELLI,
individuals,

                    Plaintiffs,

vs.

WEST MICHIGAN COMMERCIAL
PROPERTY ADVISORS, INC.,
d/b/a NAI WISINSKI,
a Michigan corporation, and
CASCADE PLACE CONDOMINIUM ASSOCIATION ,
a Michigan non-profit corporation, and
GREENRIDGE REALTY, INC
a Michigan corporation

                    Defendants.

Civil Action No.:

HON.

---

Robert M. Howard (P80740)
Bradley K. Glazier (P35523)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814

---

## COMPLAINT

Plaintiffs, Matthew Iacopelli and Lynn Iacopelli (the "Iacopellis"), by their counsel, Bos & Glazier, P.L.C., states as follows as its Complaint against defendants West Michigan Commercial Property Advisors, Inc., d/b/a NAI Wisinski ("Wisinski"), Cascade Place Condominium Association ("CPCA"), and Greenridge Realty, Inc. ("Greenridge"):

## JURISDICTIONAL ALLEGATIONS

1. This action is brought to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, ("Fair Housing Act"), 42 U.S.C. §§ 3601 *et seq*.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 3613(a).

3. Venue is proper under 28 U.S.C. § 1391(b). The claims asserted herein arose in the Western District of Michigan and concern or otherwise relate to real property located in the Western District of Michigan.

4. Defendant Wisinski is a Michigan corporation located at 100 Grandville Ave SW, Grand Rapids, Michigan.

5. Defendant CPCA is a Michigan nonprofit corporation located at 100 Grandville Ave SW, Grand Rapids, Michigan.

6. Defendant Greenridge is a Michigan corporation located at 3115 Orchard Vista Place Drive SE, Grand Rapids, Michigan.

7. The events giving rise to this cause of action occurred in the Western District of Michigan.

## GENERAL ALLEGATIONS

7. Plaintiffs Matt and Lynn Iacopelli, are a young family with four children, ages nine, five, two, and one. A fifth child is due to be born soon.

8. The Iacopelli's sold their house in early 2019. They attempted to purchase a home, but the sale fell through. In April of 2019 the Iacopellis began looking for a rental unit until they could purchase a new home.

9. The Iacopellis found a home on Grand Court, in Grand Rapids Township listed on Trulia.com. Greenridge was the realty company who published the listing.

10. The Iacopellis contacted the listing agent about the Grand Court property. They were informed that the property was not available until June of 2019.

11. Greenridge's agent offered to show the Iacopellis a property that was currently available at 2663 Weatherby Hills, Dr SE, Grand Rapids, Michigan.

12. Defendant Wisinski operates, and/or manages a property located at 2663 Weatherby Hills, Dr SE, Grand Rapids, Michigan. Wisinski has responsibilities related to the creation, maintenance, and enforcement of the discriminatory policy and practices at issue.

13. Defendant Greenridge markets and advertises properties for sale and rent in West Michigan. Greenridge advertized the property at 2663 Weatherby Hills, Dr SE, Grand Rapids, Michigan, for rent in April of 2019.

14. Defendant CPCA established and enforced the bylaws and restrictions for the property located at 2663 Weatherby Hills, Dr SE, Grand Rapids, Michigan.

15. The property at 2663 Weatherby Hills is a three bedroom, two bathroom townhouse with a finished daylight basement. It has almost 2,000 square feet of finished living area. It is located with Cascade Place Condominiums, and subject to the rules and bylaws of the Cascade Place Condominium Association.

16. On April 13, 2019, the Iacopellis viewed the property at 2663 Weatherby Hills with Greenridge's agent. The Iacopellis liked the property and decided to move forward with the rental application the same day.

17. The Iacopellis submitted background and credit checks to Greenridge.

Greenridge's agent indicated that the background and credit checks were acceptable.

18. On April 13, 2019, Lynn Iacopelli asked Greenridge's agent if it would be acceptable for her husband to use a table saw in the garage during the day at the Weatherby Hills property. (Exhibit 1).

19. Greenridge's agent did not think this would be an issue but said she would check the bylaws. (Id.).

20. On April 14, 2019, Greenridge's agent told Lynn Iacopelli that there was a five person occupancy restriction on the Weatherby Hills property. (Id.).

21. Greenridge's agent provided the Iacopellis with a copy of the bylaws and leasing restrictions for the Weatherby Hills property. (Exhibit 2).

22. The leasing restrictions stated: "The occupancy limit for the condominium units is five persons and the number of vehicles allowed is a maximum of two. Tenant vehicles must be registered." (Id., p.4).

23. Lynn Iacopelli said she was also interested in a property at 3073 Ledgestone Pla. (Id.)

24. The Ledgestone property did not allow the use of mechanical equipment and would not fit the Iacopellis' needs.

25. On April 19, 2019, Lynn Iacopelli sent an email to Greenridge's agent. The email stated:

> Good Morning! I am writing to you in regard to the property at 2663 Weatherby. Please know I do not wish this email to sound rude or threatening, we simply like the property and would like the opportunity to rent it for a year. When we last communicated you had sent me the condo bylaws stating the family size limit for this property was less than our family size of 6. It is my understanding that the Fair Housing Act prohibits discrimination (for a lack of a better word) based on family status (in this case family size).

> From my research, condominium association bylaws cannot trump the FHA. With this understanding, we are very interested in moving forward with the application process for this property. Please let me know if you concur and I will forward our criminal and eviction background checks. Thank you so much for your consideration.

(Exhibit 3).

26. Greenridge's agent forwarded Lynn Iacopelli's email to the property manager of the Weatherby Hills property, Dan Wiarda at NAI Wisinski. (Id.)

27. The property manager's response was "The size of a family is not a protected class. It's not possible to discriminate against the size of a family. That makes no sense." (Id.).

28. Greenridge forwarded the property manager's response to Lynn Iacopelli. (Id.).

29. The Iacopelli's continued their search for housing. They eventually found a property at 5630 Falling Leaf Drive SE, Kentwood, Michigan.

30. This property is in a school district less preferred by the Iacopelli's (Kentwood Public Schools vs. Forrest Hills) and the Iacopellis are responsible for any maintenance fees on the property. The location of the property is less convenient and less proximate to their family support, social activities, and routine tasks and commerce.

31. On April 23, 2019, Matt and Lynn Iacopelli filed a complaint with the Fair Housing Center of West Michigan ("FHCWM") regarding the actions of the defendants.

32. FHCWM investigated the Iacopellis claims.

33. Cascade Place Condominiums is located within Cascade Charter Township, MI. Cascade Charter Township enforces the 2018 International Property Maintenance Code (IPMC), which includes adoption of the IPMC's Occupancy Limitations.

34. Based on IPMC's Occupancy Limitations, the three bedroom floor plan at Cascade Place Condominiums can accommodate up to nine occupants.

35. CPCA's occupancy limit of five residents is overly restrictive.

36. CPCA's occupancy limit has a disparate impact on families with children.

37. The FHCWM determined that the Iacopellis rights under the Fair Housing Act were violated when the defendants denied them housing on the basis of their familial status.

## COUNT I
## FEDERAL FAIR HOUSING ACT

38. Plaintiffs incorporate by reference paragraphs 1 through 37 as fully set forth herein.

39. The Fair Housing Act ("FHA") prohibits discrimination in the sale or rental of housing. 42 U.S.C § 3604.

40. Pursuant to the FHA, it is unlawful to deny a dwelling to or discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. 42 U.S.C § 3604(a) and (b).

41. Families with children are a protected class under the federal Fair Housing Act. 42 U.S.C § 3602(k).

42. Defendant CPCA's restriction on renting a unit to more than five occupants has a disparate impact on families. *See United States v. Badgett*, 976 F.2d 1176 (8th Cir. 1992).

43. Defendant CPCA's restriction was more restrictive than local, State, or

Federal restrictions regarding the maximum number of occupants permitted to occupy a dwelling.

44. Defendant Greenridge denied the rental of the Weatherby Hills property to the Iacopellis on the basis of familial status.

45. Defendant NAI Wisinski denied the rental of the Weatherby Hills property to the Iacopellis on the basis of familial status.

46. Defendant NAI Wisinski wrongfully stated that it was not possible to discriminate against a family based on its size.

47. Defendant NAI Wisinski, as a licensed realtor and property manager, should have known that familial status, including family size, is a protected status under the FHA.

48. Defendants are liable for the discriminatory conduct of their agent and property manager. In addition, defendants knew or should have known of the discriminatory conduct of its agents, yet failed to take reasonable preventive or corrective measures.

49. Defendants injured plaintiffs Matt Iacopelli and Lynn Iacopelli in violation of the FHA by committing the following discriminatory practices:

   a. A denial of housing or making housing unavailable because of familial status, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

   b. Discrimination in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of familial status, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b); and

   c. Interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

   d. Making, printing, or publishing, or causing to be made, printed, or published,

a statement with respect to the sale or rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c).

WHEREFORE, plaintiffs respectfully requests this court to enter a judgment in their favor and against defendants as follows:

a. The Court should issue an order granting plaintiffs' request for declaratory relief, finding that the defendants' actions violate the FHA.

b. The Court should enter a judgment for compensatory damages to plaintiffs in an amount to be proved at trial before a jury that would fully compensate plaintiffs for the injuries alleged herein resulting from defendants' unlawful discrimination.

c. The Court should enter a judgment for punitive damages to plaintiffs, in an amount to be proved at trial before a jury, that would punish defendants for the willful, wanton, and reckless conduct alleged herein and that would effectively deter defendants from engaging in similar conduct in the future.

d. The Court should award plaintiffs their reasonable attorneys' fees and costs.

e. The Court should grant such other relief as it deems just and equitable.

## COUNT II
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT
### (Familial Status - Real Estate Transaction)

50. Plaintiffs incorporate by reference paragraphs 1 through 49 as though the same were fully set forth herein.

51. Plaintiffs, as a family with children, are within the class of protected persons under the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

52. At all material times, plaintiffs were prospective tenants, and defendants were a prospective landlord and real estate broker or salesman as defined under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

53. During their attempts to rent the property at issue, defendants denied

plaintiffs housing benefits based on familial status.

54. During plaintiffs' attempts to rent the property at issue, defendants discriminated against the Iacopellis in the terms, conditions, or privileges of a real estate transaction.

55. The actions of the defendants had the purpose or effect of substantially interfering with plaintiff's housing opportunities.

56. Defendants are liable for the discriminatory conduct of their agents and property manager, as described above. In addition, defendants knew or should have known of the discriminatory conduct of its agents, yet failed to take reasonable preventive or corrective measures.

57. Defendants had duties under the ELCRA, including the duty not to discriminate against the Iacopellis on the basis of their familial status.

58. Defendants violated those duties in the ways described above and discriminated against plaintiffs based on her familial, causing them loss and damage.

59. Plaintiffs have suffered and continue to suffer damages, including but not limited to:

    a.    Lost housing opportunity;

    b.    Out-of-Pocket Losses;

    c.    Humiliation, embarrassment, fright, shock, and other mental anguish and emotional distress; and

    d.    The costs of litigation, including reasonable attorney's fees and witness fees in accordance with MCL 37.2802.

WHEREFORE, plaintiffs respectfully requests this court to enter a judgment in their favor and against defendants for their violations of the ELCRA as follows:

A.  Legal Relief

   (1) Compensatory damages in whatever amount they are found to be entitled;

   (2) Emotional distress damage, including damages for humiliation, embarrassment, outrage and mental anguish; and

   (3) An award of interest, costs, and reasonable attorney fees and expert witness fees.

B.  Equitable Relief

   (1) An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

   (2) Whatever other equitable relief appears appropriate at the time of final judgment.

Date: September 9, 2019

By: _____

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiffs
Robert M. Howard (P80740)
Bradley K. Glazier (P35523)

BUSINESS ADDRESS:
990 Monroe Avenue, N.W.
Grand Rapids, Michigan 49503
(616) 458-6814